In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00173-CR


______________________________




MELISSA ANN HIGHTOWER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 337th Judicial District Court


Harris County, Texas


Trial Court No. 860706




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Melissa Hightower has filed an appeal from an order placing her on deferred adjudication. 
On October 19, 2001, she appeared before the trial court and, after careful questioning by the court,
stated that she wished to withdraw her appeal and begin to immediately serve out her community
supervision. An official transcript of Hightower's request to withdraw her appeal has been prepared
and filed in this Court.

 Her request is granted.

 The appeal is dismissed.




 William J. Cornelius

 Chief Justice


Date Submitted: November 8, 2001

Date Decided: November 8, 2001


Do Not Publish



r
{
 padding: 0px;
 float: left
}

p
{
 margin-top: 0px;
 margin-bottom: 1px
}

hr
{
 height: 0.0125in;
 background-color: black
}

span.WPFloatStyle
{
 visibility: hidden;
 position: absolute;
 left: 10px;
 right: 10px;
 background-color: rgb(255, 255, 225);
 border-width: 1px;
 border-style: solid;
 border-color: black;
 margin-top: 25px;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}

















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00081-CR
______________________________


JOE MIDDLETON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 403rd Judicial District Court
Travis County, Texas
Trial Court No. 5040117


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            On two occasions—February 22


 and 24,


 2004—Joe Middleton possessed at least some of
the items of personal property stolen from Jason Hunter's home February 19.


 On a third occasion,
March 2,


 some of the items were found in his van. Middleton was indicted for burglary of Hunter's
home, was found guilty by a jury, and was sentenced to thirty years' imprisonment by the trial court. 
Middleton appeals that conviction urging multiple points of error.
            We affirm the conviction because (1) the theory of unexplained recent possession does not
violate  the United States Constitution,  (2)  the  evidence  was  legally  sufficient  to  support  the
conviction, (3) the evidence was factually sufficient to support the conviction, (4) a lesser-included
offense instruction was not required, (5) admitting the testimony of Officer Derek Hill was not error,
and (6) the State adequately responded to Middleton's Batson


 challenge.
(1) The Theory of Unexplained Recent Possession Does Not Violate the United States Constitution
            Middleton contends the theory of unexplained recent possession is unconstitutional. He
asserts the theory improperly shifts the burden of proof from the State to the defendant, thereby
violating the Fifth and Fourteenth Amendments to the United States Constitution. See U.S. Const.
amends. 5, 14.
            Middleton concedes the theory is widely accepted among Texas courts. The inference of
guilt which may follow unexplained recent possession is a "permissible inference," not a "true
presumption." Hardesty v. State, 656 S.W.2d 73, 77 (Tex. Crim. App. 1983). "The deduction of
guilt drawn from a defendant's recent and unexplained possession of stolen property is merely a
circumstance of guilt and is not conclusive." Id.
            This permissible inference does not shift the burden of proof to the defendant. The Texas
Court of Criminal Appeals, discussing such presumptions relating to theft, has said, 
Although possession is presumptive evidence of guilt, as distinguished from positive
or direct evidence, the inference or deduction of guilt arising therefrom is not a
presumption or conclusion of law; it is an inference or deduction of fact to be drawn
by the jury from the evidence. The mere fact of possession is not prima facie
evidence that the possession is illegal, and does not shift the burden of proof from the
state to the defendant.

Hielscher v. State, 511 S.W.2d 305, 307 (Tex. Crim. App. 1974) (emphasis added).
            Because the theory of unexplained recent possession is merely a factual inference that may
be drawn by a rational jury and does not unconstitutionally shift the burden of proof to the defendant,
we overrule this point of error.
(2) The Evidence Was Legally Sufficient to Support the Conviction
            Middleton challenges the legal sufficiency of the evidence. We hold the evidence legally
sufficient to support his conviction.
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). 
            A person commits the offense of burglary if, without the effective consent of the owner, he
or she enters a habitation with intent to commit theft. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon
2003). Burglary can be proven solely through circumstantial evidence. Gilbertson v. State, 563
S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978).
            In cases where there is independent evidence of a burglary, the unexplained personal
possession of recently stolen property may constitute sufficient evidence to support a conviction. 
See Chavez v. State, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992); Sutherlin v. State, 682 S.W.2d
546, 549 (Tex. Crim. App. 1984). Mere possession of stolen property does not give rise to a
presumption of guilt, but rather it will support an inference of guilt of the offense in which the
property was stolen. Hardesty, 656 S.W.2d at 76. To warrant an inference of guilt based solely on
the possession of stolen property, it must be established that the possession was personal, recent, and
unexplained. Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1978).
            Also, the possession must involve a distinct and conscious assertion of right to the property
by the defendant. Id. If the defendant offers an explanation for his or her possession of the stolen
property, the record must demonstrate the account is false or unreasonable. Adams v. State, 552
S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of
recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. 
Dixon v. State, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.).
            In this case, Hunter testified that, on February 19, 2004, he arrived home to find the door to
his house had been kicked open and property had been stolen. He also testified he did not give
Middleton, or anyone else, permission to enter or take anything from his house. Among the items
stolen were a DVD player, several DVDs, an Xbox video game system, several video games, two
remote controls, a computer and monitor, a "weedeater," a chainsaw, and several audio CDs.
            On February 22, 2004, three days after the burglary, Middleton pawned five DVDs and three
Xbox video games at a local pawn shop. Each of these items belonged to Hunter. This was a
distinct and conscious assertion of right to the property by Middleton. Tabor v. State, 88 S.W.3d
783, 787 (Tex. App.—Tyler 2002, no pet.). On February 24, 2004, five days after the burglary,
Officer Hill arrested Middleton for outstanding warrants. In the van Middleton was driving, Hill
found a remote control, twenty audio CDs, and Hunter's "weedeater."
            Middleton asserts that his possession of the stolen items is explained by the involvement of
Kyshia Carter. Carter lived with Middleton and was found to have pawned some of Hunter's
property herself. Neither Middleton nor Carter testified at trial. Middleton appears to contend that
Carter received the stolen property first and that Middleton came into possession of the stolen items
later.
            Whether the appellant's explanation is reasonable is an issue to be determined by the trier of
fact. The falsity of the explanation may be shown by circumstantial evidence. Adams v. State, 552
S.W.2d 812, 815 (Tex. Crim. App. 1977). Middleton was found in possession of items stolen from
Hunter's home on two occasions. On a third occasion, March 2, 2004, Hunter's property was found
in Middleton's van. Middleton did not present evidence at trial that Carter committed the burglary
or that she gave the stolen items to Middleton. The jury's finding that Middleton's explanation was
false or unreasonable is not contradicted by the evidence.
            Viewed in the light most favorable to the verdict, the evidence showed that, three days after
the burglary, Middleton had possession of eight different items taken during the burglary. The
evidence also showed that Middleton established a distinct and conscious assertion of the right to
those items by pawning them. Tabor, 88 S.W.3d at 787. Finally, the evidence showed that Hunter
did not give Middleton permission to take or pawn those items. We hold that a rational trier of fact
could have found beyond a reasonable doubt that Middleton burglarized Hunter's house based on
Middleton's personal, recent, and unexplained possession of Hunter's property. Accordingly, we
overrule this point of error.
(3) The Evidence Was Factually Sufficient to Support the Conviction
            Middleton challenges the factual sufficiency of the evidence to support his conviction. We
hold the evidence is factually sufficient.
            In a factual sufficiency review, we view all the evidence in a neutral light and determine
whether the evidence supporting the verdict is too weak to support the finding of guilt beyond a
reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)).
            Viewed in a neutral light, we find the evidence discussed above was strong enough to support
a finding of guilt beyond a reasonable doubt. Middleton did not call any witnesses to offer contrary
proof through direct evidence. Middleton's cross-examination of the State's witnesses did not
produce strong evidence that someone else committed the burglary. The jury was in the best position
to judge the credibility of Middleton's theory of the case. The record does not reflect that a beyond-a-reasonable-doubt standard could not have been met. Accordingly, we overrule this point of error.
(4) A Lesser-Included Offense Instruction Was Not Required
            Middleton contends the trial court erred by refusing to include a jury instruction for the
lesser-included offenses of theft by possession of stolen property, theft, or criminal trespass. We
hold that a lesser-included offense instruction was not required.
            This Court has previously held that theft by possession of stolen property may be a
lesser-included offense of burglary of a habitation when the State alleges that the defendant
committed theft, but not when the State alleges merely that he or she intended to commit theft. 
Dixon v. State, 43 S.W.3d 548, 551 (Tex. App.—Texarkana 2001, no pet.) (citing Garcia v. State,
571 S.W.2d 896, 898 (Tex. Crim. App. [Panel Op.] 1978)). This Court also noted that theft is not
a lesser-included offense of burglary if actual theft is not charged. Dixon, 43 S.W.3d at 551 (citing
Ex parte Sewell, 606 S.W.2d 924 (Tex. Crim. App. 1980)). Theft is not charged when the indictment
does not describe the property or allege its value. Dixon, 43 S.W.3d at 551; see generally Tex. Pen.
Code Ann. § 31.03 (Vernon Supp. 2005).
            In this case, the indictment alleges that Middleton "[d]id then and there intentionally and
knowingly enter a habitation, without the effective consent of Jason Hunter, the owner thereof, with
the intent to commit theft." The indictment does not allege actual theft, describe the property stolen,
or allege the value of that property. Therefore, Middleton was not entitled to a lesser-included
offense instruction for theft or theft by possession of stolen property. Dixon, 43 S.W.3d at 551.
            With regard to criminal trespass, we use a two-part test to determine if a lesser-included
offense instruction should be given. First, the lesser-included offense must be included within the
proof necessary to establish the offense charged. Second, some evidence must exist in the record
that, if the defendant is guilty, he or she is guilty only of the lesser offense. Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App. 1993). In applying the second prong, some evidence must exist
in the record that would permit a rational jury to find that, if the defendant is guilty, he or she is
guilty only of the lesser offense. Id. at 673. Because it is dispositive, we will focus on the second
prong of the test. We limit our holding to that analysis.
            If a defendant either presents evidence that he or she committed no offense or presents no
evidence and there is no evidence otherwise showing he or she is guilty only of a lesser-included
offense, then a charge on a lesser-included offense is not required. Bignall v. State, 887 S.W.2d 21,
22–24 (Tex. Crim. App. 1994); Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).
            In this case, Middleton did not present any evidence. Further, there is no evidence that would
show he is guilty of only criminal trespass. To commit criminal trespass, a person must remain on
or in property of another without effective consent. Tex. Pen. Code Ann. § 30.05(a) (Vernon Supp.
2005). The only evidence presented that Middleton was in Hunter's house was Middleton's
unexplained possession of recently stolen goods. The State's case for burglary rested entirely on that
possession, and there is no other evidence in the record that Middleton was in Hunter's house. We
hold there is no evidence that would allow a rational jury to find Middleton guilty of criminal
trespass, but not burglary.
            We overrule this point of error.
(5) Admitting the Testimony of Officer Derek Hill Was Not Error
            Middleton contends the trial court erred in allowing the testimony of Officer Hill. We hold
that the trial court acted reasonably in allowing this testimony.
            Officer Hill testified that, on February 24, 2004, when he inventoried the contents of
Middleton's van, the van contained approximately twenty CDs, a television remote control, and a
"weedeater." Earlier in the trial, Detective Chris Orton had testified he found the same items in
Middleton's van March 2, 2004, and later determined these items belonged to Hunter.
            Middleton contends Hill's testimony duplicated and served only to bolster Orton's testimony. 
Middleton contends the testimony was irrelevant and was offered as evidence of other crimes or
wrong acts, in violation of Texas Rules of Evidence 401, 403, and 404(b). See Tex. R. Evid. 401,
403, 404(b).
            We review the trial court's decision to admit or exclude evidence under an abuse of discretion
standard. See Green v. State, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996); Montgomery v. State,
810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990). We will not reverse a trial court whose ruling was
within the "zone of reasonable disagreement." Green, 934 S.W.2d at 102; Montgomery, 810 S.W.2d
at 391 (op. on reh'g).
            Hill's testimony was needed to show that Middleton was in possession of Hunter's CDs,
"weedeater," and remote control. Orton testified he found the same items in Middleton's van, but
Middleton was not present when Orton discovered the items. Hill's testimony was also needed to
show that Middleton's possession was recent. Hill discovered the items five days after the burglary;
Orton did not discover them until eleven days after the burglary. Further, Hill's testimony was not
character evidence of other crimes or wrong acts in violation of Rule 404(b). See Tex. R. Evid.
404(b). Hill's testimony served as evidence that Middleton had committed the crime with which he
was charged, not some other extraneous bad act.
            The trial court allowed a thorough voir dire of Hill and considered the matter fully before
allowing his testimony. We hold that the trial court's decision to admit Hill's testimony was
reasonable. Accordingly, we overrule this point of error.
(6) The State Adequately Responded to Middleton's Batson Challenge
            Middleton also raises a Batson challenge. See Batson, 476 U.S. 79. He contends the trial
court erred in overruling his objections to the State's use of its peremptory challenges. We overrule
this point of error.
            We review the evidence adduced at a Batson hearing in the light most favorable to the trial
court's ruling. Williams v. State, 804 S.W.2d 95 (Tex. Crim. App. 1991). We will not overturn the
trial court's ruling unless it is clearly erroneous. Chamberlain v. State, 998 S.W.2d 230, 236 (Tex.
Crim. App. 1999).
            After both sides made their jury strikes, but before the jury was sworn, Middleton objected
to the State's use of two peremptory challenges to strike veniremembers nine and thirty-one. The
trial court held a hearing to determine the State's reasons for striking those veniremembers.
            A Batson inquiry entails a three-step process. First, the opponent of a peremptory challenge
must establish a prima facie case of racial discrimination. Then, the proponent of the strike must
come forward with a race-neutral reason for the challenge. Finally, if a race-neutral reason is given,
the opponent of the strike shoulders the burden of proving intentional discrimination. For the
purpose of step two, a reason is deemed race neutral so long as no discriminatory intent is inherent
in the explanation given, even if the explanation is fantastic or implausible. The truth of a proffered
race-neutral reason is a step three inquiry, and the opponent of the strike bears the burden of showing
that the reason offered is merely a pretext for discrimination. Williams v. State, 937 S.W.2d 479, 485
(Tex. Crim. App. 1996).
            Middleton noted that veniremembers nine and thirty-one were the only two black members
of the venire panel. He suggested that the State's only basis for striking those members was their
race. The State responded that it struck those members because they were employed by the
University of Texas. The State stated that it always struck persons employed by the University of
Texas. The State remarked, "It's been my experience that they are very anti-prosecution, that they
tend to want to forgive people from any kind of criminal activity, that they are weak on finding
people guilty, and even if they find them guilty, they tend to be very liberal on the issue of
punishment." The State also noted that it struck two additional veniremembers, neither African-American, because they also worked for the University of Texas. The trial court overruled
Middleton's objection.
            Where the State indicates that it has struck a prospective juror based on that person's type of
employment and that the State has had poor success with that type of worker, the reason is a
race-neutral explanation for exercising a peremptory strike. Barnes v. State, 855 S.W.2d 173, 174
(Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (citing Tompkins v. State, 774 S.W.2d 195, 205
(Tex. Crim. App. 1987)). 
            Middleton contends it is unreasonable and absurd for the State to allege that, in Austin,
Texas, it routinely strikes veniremembers who work for the University of Texas. But, Middleton has
not alleged or shown that there were other members on the panel who worked for the University
which the State did not strike. See Miller-El v. Dretke, ___ U.S. ___, 125 S.Ct. 2317, 2325 (2005). 
Nor has Middleton alleged that the State routinely fails to strike veniremembers who work for the
University.
            We hold that the State proffered a race-neutral explanation for striking the two black
veniremembers and that the trial court was not clearly erroneous in accepting that explanation. 
Accordingly, we overrule this point of error.
            Having denied all points of error, we affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 21, 2005
Date Decided:             January 25, 2006

Publish