NO. 07-07-0189-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 28, 2007


______________________________




RICHARD VASQUEZ, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B17064-0701; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 In this appeal, Richard Vasquez, Jr. challenges the legal and factual sufficiency of
the evidence to support his conviction of burglary. We affirm the judgment of the trial court.

 The standards by which we review the sufficiency of the evidence are set forth in
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v.
State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

 Appellant argues that because there was no direct evidence showing that he had
ever been in the victims' house, the evidence is insufficient to convict him of burglary of a
habitation. The evidence shows the following: 1) on November 7, 2006, Miguel Ferrer and
his wife Cynthia Hernandez discovered upon their return home around 8:30 p.m. or 9:00
p.m. that one of the windows in their home had been cracked open as if forced and the
blinds were askew; 2) around the same time, appellant attempted to sell some DVDs to
one of Ferrer's neighbors, Victor Castillo; 3) appellant kept looking at Ferrer's house while
trying to sell the DVDs; 4) Castillo bought the DVDs when he saw Ferrer's name on them
in order to return them to Ferrer; 5) appellant ran from Castillo's house after selling the
DVD's; 6) Castillo immediately called Ferrer and told him that a man had sold him Ferrer's
DVDs; 7) Ferrer went to look and discovered his DVDs missing; 8) appellant reappeared
outside the house of Ferrer and Hernandez two times that evening after the discovery of
the missing DVDs; 9) when Ferrer accused appellant of taking the items, appellant ran
away; 10) appellant also ran from a police officer who was chasing him; 11) appellant ran
into the arms of another police officer and asked to be arrested; and 12) appellant told the
officer that he was too good of a thief to be caught.

 The unexplained possession of property recently stolen in a burglary permits an
inference that the defendant is the one who committed the burglary. Poncio v. State, 185
S.W.3d 904, 905 (Tex. Crim. App. 2006). However, if an explanation is offered for the
defendant's possession of same, the record must show it is false or unreasonable before
the inference is available. Middleton v. State, 187 S.W.3d 134, 138-39 (Tex. App.-
Texarkana 2006, no pet.); Jackson v. State, 12 S.W.3d 836, 839 (Tex. App.-Waco 2000,
pet. ref'd). Finally, whether the explanation is reasonable is a question of fact for the fact
finder to decide. Prodan v. State, 574 S.W.2d 100, 103 (Tex. Crim. App. 1978); Middleton
v. State, 187 S.W.3d at 139; Cocke v. State, 170 S.W.3d 747, 750 (Tex. App.-Waco
2005), rev'd on other grounds, 201 S.W.3d 744 (Tex. Crim. App. 2006). 

 Here, the record established that appellant was not only in possession of the stolen
property immediately after it was stolen but that he was attempting to sell it. Nevertheless,
appellant explained his possession of the items by asserting that on the day of the
burglary, he and a friend were in the trailer of a car repair shop drinking when two men
came up to them and asked him to sell the stolen items. Given the proximity between the
burglary and appellant's appearance with the stolen items, the presence of the true owner's
name on the items (as opposed to the names of the two people who supposedly asked him
to sell the items), appellant running from the neighbor to whom he sold the items,
appellant's running from the true owner when accused of stealing the property, appellant's
initially running from the police, appellant's later request to be arrested, and appellant's
comment about being a good thief constituted basis upon which the factfinder could
conclude that his explanation was unreasonable or simply fabricated. Having obviously
determined that it was either false or unreasonable, we cannot say that the finding
undermines our confidence in the verdict. Consequently, some evidence appeared of
record upon which the jury could convict appellant beyond all reasonable doubt and the
conviction was not manifestly unjust. In other words, the verdict had the support of both
legally and factually sufficient evidence. 

 We overrule all of appellant's issues and affirm the judgment.


 Per Curiam


Do not publish.



's exclusive
possession of the car where the cocaine was found. (5) Recognizing that a person may
jointly possess property where contraband is found but not necessarily jointly possess the
contraband, our courts apply the rule that "[w]hen the accused is not in exclusive
possession of the place where the substance is found, it cannot be concluded that the
accused had knowledge of and control over the contraband unless there are additional
independent facts and circumstances which affirmatively link the accused to the
contraband." Id. at 406, quoting Deshong v. State, 625 S.W.2d 327, 329 (Tex.Crim.App.
1981) (other internal citation omitted). The "links" requirement is designed to protect the
innocent bystander from conviction merely because of his "fortuitous proximity to someone
else's drugs." Evans, 202 S.W.3d at 161-62. Here, the evidence is that appellant was in
exclusive possession of the vehicle in which the cocaine was found. The threshold
condition requiring independent facts and circumstances linking appellant to the
contraband, that of joint possession of the place at which it was found, therefore, is not
present in this case. 

 Further, evidence of links present here included the location of the cocaine adjacent
to the driver's seat. See Evans, 202 S.W.3d at 163 (court described cocaine less than a
foot away from defendant as being "right under his nose"); Deshong, 625 S.W.2d at 329
(drugs located on floor by driver's seat). Appellant's statements to police were links to the
contraband. See Evans, 202 S.W.3d 162 n.12 (listing possible links). Testimony that
appellant appeared to be under the influence of drugs was another link supporting the
jury's verdict. Id. Viewing the evidence in a neutral light, we cannot say the great weight
and preponderance of the evidence contradicts the jury's verdict. Watson, 204 S.W.3d at
417. We overrule appellant's second point. 

 Appellant's third point assigns error to the trial court's denial of his motion for a
mistrial based on the State's failure to disclose "discoverable evidence." Appellant's
argument in support relies on a line of cases holding that due process requires the State
to disclose exculpatory evidence. See United States v. Bagley, 473 U.S. 667, 677, 105
S.Ct. 3375, 87 L.Ed.2d 481 (1985); Harm v. State, 183 S.W.3d 403, (Tex.Crim.App. 2006). 

 The evidence at issue was a dashboard camera recording from Deputy Johnson's
patrol car. Johnson explained the camera begins recording when the emergency lights
are activated. When the recording was mentioned at trial, appellant moved for a mistrial
based on violation of his pretrial discovery motions. Johnson initially testified the recording
was still available, but the relevant portion could not be located. Johnson described the
recording as showing his trip to the location and then the road where he parked to go into
the lake bed. (6) It did not contain audio of events where appellant's car was found and the
only occurrence on the road during the recording was the arrival of an ambulance. 
Johnson had informed the prosecutor of the recording but did not preserve it because it did
not show any of the events at issue. 

 To demonstrate reversible error from the State's failure to disclose exculpatory
evidence a defendant must show 1) the State failed to disclose evidence, regardless of the
prosecutor's good or bad faith; 2) the withheld evidence is favorable to the defendant; and
3) the withheld evidence is material, that is, there is a reasonable probability that had the
evidence been disclosed, the outcome of the trial would have been different. Hampton v.
State, 86 S.W.3d 603, 612 (Tex.Crim.App. 2002). Here, however, the prosecution did not
fail to disclose evidence, the evidence was simply not preserved. 

 None of the authority on which appellant relies addresses a circumstance in which
evidence has been lost or destroyed. The U.S. Supreme Court has held the State's duty
to preserve evidence is limited to that which might be expected to play a significant role in
the suspect's defense. California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct. 2528,
2534, 81 L.Ed.2d 413 (1984). To meet that standard, the exculpatory value of the
evidence must be apparent before its destruction and the evidence must be of a nature
that the defendant would be unable to obtain comparable evidence by other means. Id. 
If, however, the evidence is merely potentially useful, the defendant must show the State
was acting in bad faith when it failed to preserve the evidence. Arizona v. Youngblood, 488
U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). (7) 

 Here the exculpatory nature of the video recording is not apparent. Appellant offers
no explanation of how the recording was exculpatory. Nor does he point to anything to
suggest failure to preserve the recording was the result of bad faith on the part of the State. 
We overrule appellant's third point and affirm the trial court's judgment.


 James T. Campbell

 Justice



Do not publish.

1. Appellant's final comment was: "Damn, you didn't leave me with anything, did
you?"
2. No mention was made of the methamphetamine allegation until the punishment
phase of trial. There the evidence showed a substance suspected of being
methamphetamine was also found in the console compartment. 
3. As noted, there was no evidence before the jury at the guilt or innocence stage of
trial that a substance suspected to be methamphetamine was also found in the center
console. Appellant makes no complaint based on the omission of that evidence in the first
phase of the trial. 
4. As worded, appellant's second point of error asserts the trial court erred by failing
to direct a verdict of not guilty. An appellate challenge to the denial of a motion for directed
verdict is a challenge to the legal sufficiency of the evidence rather than its factual
sufficiency. Turner v. State, 101 S.W.3d 750, 761 (Tex.App.-Houston [1st Dist.] 2003, pet.
ref'd) (citing Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996)). Because most
of appellant's argument on the point of error, however, addresses the factual sufficiency,
we evaluate it on that basis. See State v. Garland, 963 S.W.2d 95, 101 (Tex.App.-Austin
1998, pet. denied) (reviewing court should consider a party's arguments supporting a point
of error and not merely the wording of the point).
5. The jury was not informed the car appellant was driving had been stolen until the
punishment phase of trial.
6. Appellant's brief erroneously states the recording showed the pursuit. The pursuit
was conducted by Officer Williams, who did not have working recording equipment in his
car.
7. The Waco Court of Appeals has applied a different standard, based on our state
constitution. Pena v. State, ___ S.W.3d ___, 2007 WL 1289426, slip op. at 16 
(Tex.App.-Waco May 2, 2007). This court has followed the Arizona v. Youngblood
standard. Alvarado v. State, No. 07-06-0086-CR, 2006 WL 2860973 (Tex.App.-Amarillo,
October 9, 2006, no pet.) (not designated for publication).