NO. 07-07-0189-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2007
_____

RICHARD VASQUEZ, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17064-0701; HON. ED SELF, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

In this appeal, Richard Vasquez, Jr. challenges the legal and factual sufficiency of the evidence to support his conviction of burglary. We affirm the judgment of the trial court.

The standards by which we review the sufficiency of the evidence are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Appellant argues that because there was no direct evidence showing that he had ever been in the victims' house, the evidence is insufficient to convict him of burglary of a

habitation. The evidence shows the following: 1) on November 7, 2006, Miguel Ferrer and his wife Cynthia Hernandez discovered upon their return home around 8:30 p.m. or 9:00 p.m. that one of the windows in their home had been cracked open as if forced and the blinds were askew; 2) around the same time, appellant attempted to sell some DVDs to one of Ferrer's neighbors, Victor Castillo; 3) appellant kept looking at Ferrer's house while trying to sell the DVDs; 4) Castillo bought the DVDs when he saw Ferrer's name on them in order to return them to Ferrer; 5) appellant ran from Castillo's house after selling the DVD's; 6) Castillo immediately called Ferrer and told him that a man had sold him Ferrer's DVDs; 7) Ferrer went to look and discovered his DVDs missing; 8) appellant reappeared outside the house of Ferrer and Hernandez two times that evening after the discovery of the missing DVDs; 9) when Ferrer accused appellant of taking the items, appellant ran away; 10) appellant also ran from a police officer who was chasing him; 11) appellant ran into the arms of another police officer and asked to be arrested; and 12) appellant told the officer that he was too good of a thief to be caught.

The unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Poncio v. State,* 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). However, if an explanation is offered for the defendant's possession of same, the record must show it is false or unreasonable before the inference is available. *Middleton v. State,* 187 S.W.3d 134, 138-39 (Tex. App.– Texarkana 2006, no pet.); *Jackson v. State,* 12 S.W.3d 836, 839 (Tex. App.–Waco 2000, pet. ref'd). Finally, whether the explanation is reasonable is a question of fact for the fact finder to decide. *Prodan v. State,* 574 S.W.2d 100, 103 (Tex. Crim. App. 1978); *Middleton*

*v. State,* 187 S.W.3d at 139; *Cocke v. State,* 170 S.W.3d 747, 750 (Tex. App.–Waco 2005), *rev'd on other grounds,* 201 S.W.3d 744 (Tex. Crim. App. 2006).

Here, the record established that appellant was not only in possession of the stolen property immediately after it was stolen but that he was attempting to sell it. Nevertheless, appellant explained his possession of the items by asserting that on the day of the burglary, he and a friend were in the trailer of a car repair shop drinking when two men came up to them and asked him to sell the stolen items. Given the proximity between the burglary and appellant's appearance with the stolen items, the presence of the true owner's name on the items (as opposed to the names of the two people who supposedly asked him to sell the items), appellant running from the neighbor to whom he sold the items, appellant's running from the true owner when accused of stealing the property, appellant's initially running from the police, appellant's later request to be arrested, and appellant's comment about being a good thief constituted basis upon which the factfinder could conclude that his explanation was unreasonable or simply fabricated. Having obviously determined that it was either false or unreasonable, we cannot say that the finding undermines our confidence in the verdict. Consequently, some evidence appeared of record upon which the jury could convict appellant beyond all reasonable doubt and the conviction was not manifestly unjust. In other words, the verdict had the support of both legally and factually sufficient evidence.

We overrule all of appellant's issues and affirm the judgment.


Per Curiam

Do not publish.

3