In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00149-CR


______________________________




ROY JAMES COFFEL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Hunt County, Texas


Trial Court No. CR0502627




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Roy James Coffel appeals his conviction for driving while intoxicated (DWI), second
offense. See Tex. Penal Code Ann. § 49.04 (Vernon 2003) (defining crime of DWI), § 49.09
(Vernon Supp. 2007) (providing enhanced penalties for subsequent convictions). In a single issue,
Coffel contends the trial court erred by admitting evidence about the technical violations he
committed during his previous community supervision for DWI. For the reasons stated below, we
conclude the trial court did not abuse its discretion by admitting such evidence. 

 An appellate court reviews a trial court's decision to admit or exclude evidence for abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990); Middleton v.
State, 187 S.W.3d 134, 141 (Tex. App.--Texarkana 2006, no pet.). "We will not reverse a trial court
whose ruling was within the 'zone of reasonable disagreement.'" Middleton, 187 S.W.3d at 141
(citing Green v. State, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996); Montgomery, 810 S.W.3d at
391) (op. on reh'g)).

 The appellate record in this case indicates the State and Coffel agreed to a pretrial discovery
order in which, among other things, the State agreed "to provide the cause number, court of
jurisdiction, date of conviction, and offense for all extraneous offenses that resulted in a conviction
or order of community supervision of which the State intends to present at trial at least ten (10) days
prior to trial." The State also agreed "to provide the date, crime, name of crime victim, and county
of offense for all extraneous offenses that did not result in a conviction or order of community
supervision and that the State intends to present at trial at least ten (10) days prior to trial." See Tex.
R. Evid. 404(b); Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2007).

 Trial in this case took place during the week of May 14 of this year. On April 12, 2007, the
State filed its "Notice of Intention To Use Extraneous Offenses And Prior Convictions." Included
in that filing was a specific provision indicating the State intended to introduce at trial evidence that
"on or about the 21st day of February, 1996, the defendant was convicted of the offense of Driving
While Intoxicated in the County Criminal Courts #7 Court of Dallas County, Texas, in cause number
MB9522721H." The reporter's record in this case suggests the State did indeed bring forth such
evidence at trial, but the record further suggests the State's evidence showed that Coffel received
community supervision in that case, that he committed several "technical" violations of his
conditions of community supervision, and that the trial court ultimately revoked that community
supervision on the basis of one or more of those technical violations. (1) It is Coffel's contention in this
appeal that the trial court erred by admitting testimony about those technical violations of the 1996
community supervision because the State's April 2007 notice failed to provide additional notice of
the State's intent to introduce such evidence at Coffel's May 2007 trial.

 Community supervision is "the placement of a defendant by a court under a continuum of
programs and sanctions, with conditions imposed by the court for a specified period" of time that
generally results in the suspension of a sentence of imprisonment or confinement. Tex. Code Crim.
Proc. Ann. art. 42.12, § 2(2) (Vernon Supp. 2007). On proof that the defendant has violated one
of the terms of that probated sentence, the trial court may, at a proper revocation hearing, either
continue the probationer's community supervision (and possibly impose new or additional conditions
of supervision) or revoke the probationer's community release. Tex. Code Crim. Proc. Ann. art.
42.12, §§ 21-23 (Vernon Supp. 2007). 

 Our appellate jurisprudence has generally divided violation allegations into two categories: 
"technical" violations and "new offense or new crime" violations. Contrast Tex. Code Crim. Proc.
Ann. art. 42.12, § 11(a)(1) (Vernon Supp. 2007) with Tex. Code Crim. Proc. Ann. art. 42.12,
§ 11(a)(2-24) (Vernon Supp. 2007); and see, e.g., Jackson v. State, 810 S.W.2d 3, 5 (Tex.
App.--Houston [14th Dist.] 1991, no pet.) (distinguishing "technical" violations from violations
involving the commission of a new crime for purposes of determining appropriateness of bail
setting). "Technical" violations are typically those that involve the probationer's failure to report to
the probation officer as directed by the trial court, pay various community supervision fees, perform
community service at the specified rate, or obey other conditions that have nothing to do with
obeying "the laws of this State or of any other State or of the United States." See generally Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2007). New offense violations, as the categorical
description aptly suggests, concern the defendant's alleged criminal violation of Texas law (or of a
law of another state). 

 Coffel now contends that all community supervision violations, whether they be categorized
as "technical" violations or as "new offense" violations, are extraneous offenses under our law. 
Under such a rubric, Coffel contends the State was required to file written notice of its intent to
introduce the 1996 technical violations of Coffel's earlier community supervision before such would
be admissible in his 2007 prosecution. We disagree. 

 The sole authority Coffel cites in support of his position that "technical" violations qualify
as extraneous offenses is Rankin v. State, 953 S.W.2d 740 (Tex. Crim. App. 1996). In Rankin, this
State's highest criminal court wrote, "An extraneous offense is defined as any act of misconduct,
whether resulting in prosecution or not, that is not shown in the charging papers." Id. at 741. One
could read such a statement in isolation and agree with Coffel's proposed application of Rankin in
the instant case. Under such a framework, a seventeen-year-old on adult community supervision
might commit a new offense if he violated a community supervision condition requiring him to
follow all school rules. However, the greater context of that statement in Rankin shows the court
was discussing an extraneous offense that amounted to a violation of our criminal laws, specifically
the prohibition against possession of cocaine. See generally Tex. Health & Safety Code Ann.
§ 481.115 (Vernon 2003) (criminalizing possession of a penalty group 1 substance, which includes
cocaine). It is doubtful that the scope of former Presiding Judge McCormick's opinion could be read
to include a violation of one's high school teacher's prohibition against chewing gum in senior
English, nor would one be independently prosecuted in a court of law for merely chewing gum--yet
that is the probable extreme to which Coffel would extend his analysis of that isolated, extra-contextual quote from Rankin.

 Black's Law Dictionary defines the word "offense" as "A violation of the law; a crime, often
a minor one."  Black's Law Dictionary 1110 (8th ed. 2004). Our Legislature has repeatedly used
the term "offense" to describe conduct that has been specifically criminalized by statute. See, e.g.,
Tex. Code Crim. Proc. Ann. art. 37.08 (Vernon 2006) ("In a prosecution for an offense with lesser
included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any
lesser included offense."), art. 37.09 (Vernon 2006) ("An offense is a lesser included offense [of
another crime] if . . . ."); Tex. Penal Code Ann. § 1.07(23) (Vernon Supp. 2007) ("'Felony' means
an offense so designated by law or punishable by death or confinement in a penitentiary."),
§ 1.07(31) ("'Misdemeanor' means an offense so designated by law or punishable by fine, by
confinement in jail, or by both fine and confinement in jail."). Appellate courts of this State have
generally used the term "offense" as a direct synonym for the term "crime." See, e.g., Hall v. State,
225 S.W.3d 524, 525 (Tex. Crim. App. 2007) ("We hold that [the method of determining whether
the allegation of a greater offense includes a lesser offense] should be made by comparing the
elements of the greater offense, as the State pled it in the indictment, with the elements in the statute
that defines the lesser offense."); Miramontes v. State, 225 S.W.3d 132, 140 (Tex. App.--El Paso
2005, no pet.) ("Sufficiency of the evidence should be measured by the elements of the offense as
defined by the hypothetically correct jury charge for the case."); Ketchum v. State, 199 S.W.3d 581,
588 (Tex. App.--Corpus Christi 2006, pet. ref'd) (same principle); Montgomery v. State, 198 S.W.3d
67, 88 (Tex. App.--Fort Worth 2006, pet. ref'd) ("A lesser-included offense is defined both in terms
of the offense charged and the facts of the case."); State v. Walker, 195 S.W.3d 293, 298 (Tex.
App.--Tyler 2006, no pet.) (contrasting theories behind malum prohibitum offenses and malum in
se offenses, but noting that both types of offenses are limited to criminalized conduct); Neely v.
State, 193 S.W.3d 685, 687 (Tex. App.--Waco 2006, no pet.) (using term "offense" to describe
conduct criminalized by Legislature); Owens v. State, 19 S.W.3d 480, 484 (Tex. App.--Amarillo
2000, no pet.) ("In the absence of constitutional restraint or definition to the contrary, the Legislature
possesses the power to create and define offenses within its sound discretion.").

 However, the final nail in the coffin for Coffel's argument is the language provided by the
Legislature in Section 1.03 of the Texas Penal Code: "Conduct does not constitute an offense unless
it is defined as an offense by statute, municipal ordinance, order of a county commissioners court,
or rule authorized by and lawfully adopted under a statute." Tex. Penal Code Ann. § 1.03 (Vernon
2003) (emphasis added). (2) None of the provisions of Article 42.12 of the Texas Code of Criminal
Procedure (that portion of our law outlining the general conditions of community supervision to be
imposed by a trial court) have been designated by the Legislature as outlining crimes or "offenses." 
Thus, to the extent Coffel now seeks to characterize "technical" violations of community supervision
as new offenses, and thereby require the State to provide pretrial notice of its intent to introduce
evidence regarding technical community supervision violations in a future prosecution pursuant to
Article 37.07 or Rule 404(b), Coffel's argument finds no support in our statutes or caselaw.

 The Texas Legislature has expressly limited the definition of the conduct that constitutes an
"offense" to conduct that has been specifically criminalized by our law. The Texas Legislature has
not taken steps to include "technical" violations of community supervision within the scope of the
term "offense," as that term is commonly used by our statutes and our caselaw. Coffel has directed
our attention to no authority that requires such an expansive interpretation of that term, nor has our
independent research revealed any authority that has adopted such sophistry. Without support via
statute or caselaw, we cannot say the trial court abused its discretion by overruling Coffel's objection
and by concluding the State was not required to provide advance pretrial notice of the State's intent
to introduce evidence of Coffel's technical violations of a previous community supervision.

 We affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: December 27, 2007

Date Decided: December 28, 2007


Publish
1. We do not have a complete reporter's record of the proceedings below. Because Coffel's
request for the reporter's record is not on file with this Court, we will presume Coffel requested only
a partial reporter's record in this case. See Tex. R. App. P. 34.6(b)(1). 
2. Other states have similarly said the term "offense" is synonymous with "crime" or other
words defining a violation of penal law. See, e.g., State v. Slowe, 284 N.W. 4, 6 (Wis. 1939) ("The
terms 'crime,' 'offense,' and 'criminal offense' are all synonymous, and are ordinarily used
interchangeably, and include any breach of law established for the protection of the public, as
distinguished from an infringement of mere private rights, for which a penalty is imposed or
punishment inflicted in any judicial proceeding."); State v. Mosley, 860 P.2d 69, 74 (Mont. 1993)
(term "offense" in affidavit supporting search warrant application means violation of state law); State
v. Gustafson, 668 N.E.2d 435 (Ohio 1996) ("offense" is doing that which a penal law forbids).