# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00500-CR

**Louis Santos, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-07-500551, HONORABLE CHARLES E. MILLER, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Louis Santos guilty of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The court assessed punishment, enhanced by a previous felony conviction, at twenty years' imprisonment. Appellant contends that the evidence is legally and factually insufficient to sustain the guilty verdict, that evidence of an extraneous bad act was erroneously admitted, and that his trial counsel was ineffective. We overrule these contentions and affirm the conviction.

In June 2007, Merced and Guadalupe Ojeda hired a friend, Earle Molina, to paint the exterior of their house in southeast Travis County. Molina hired appellant to assist him. On the first day of the project, the Ojedas, who worked for the same employer, returned home for lunch. While they were there, appellant asked permission to use the bathroom. The Ojedas permitted him to use the bathroom next to the utility room. The next day, Mrs. Ojeda was not feeling well and did not go

to work. At about 8:30 a.m., as she lay in bed, she heard the sound of drawers being opened. At first, she thought that her husband had come home. She got up and walked down the hall to a front bedroom, where she found appellant rummaging through a dresser drawer. Appellant told Mrs. Ojeda that he was looking for rags. She told appellant that she had no rags and ordered him to leave the house. The Ojedas reported this incident to the sheriff's department, and it was determined that appellant had entered the house through a window in the kitchen, which was next to the utility room and bathroom appellant had used the previous day. The Ojedas elected not to press charges against appellant, although they did ask Molina to take him off the job.

Four months later, on October 5, 2007, Mrs. Ojeda returned home from work at 5:30 p.m. to discover that someone had forced open the outside door to the utility room, entered the house, and stolen a considerable amount of jewelry from a dresser drawer in the master bedroom. At 2:20 p.m. that same day, three hours before the burglary was discovered, appellant sold several pieces of the Ojedas' stolen jewelry at an Austin pawn shop.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778.

2

Appellant concedes that the Ojedas' home was burglarized, but he urges that the State failed to prove that he was the burglar. Although there is no direct evidence of appellant's guilt, a defendant's unexplained possession of property recently stolen in a burglary supports an inference that the defendant was the burglar. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007). In this case, appellant's sale of the Ojedas' stolen jewelry on the very day of the burglary, the absence of any evidence that appellant offered an innocent explanation for his possession of the stolen goods, and appellant's unlawful entry into the Ojedas' house four months earlier combine to support the jury's finding of guilt beyond a reasonable doubt. *See Middleton v. State*, 187 S.W.3d 134, 138-39 (Tex. App.—Texarkana 2006, no pet.) (finding similar evidence legally sufficient to support burglary conviction).

In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

3

Appellant argues that there is direct evidence that he was not the burglar. He cites testimony that officers investigating the burglary found a partial palm print that did not match appellant.[1] However, there was no evidence as to where the print was found, much less evidence suggesting that the print must have been left by the burglar. Appellant also refers us to testimony by the pawn shop manager acknowledging that goods are often bought, sold, or traded on the street, and he suggests that this might explain how he came to possess the Ojedas' jewelry. Giving the jury's verdict the deference it is due, however, we do not find the evidence supporting the verdict to be so weak, or the contrary evidence to be so strong, as to make the finding of guilt clearly wrong or manifestly unjust.

Finally, appellant contends that the trial court erred by admitting the evidence of his unlawful entry into the Ojedas' house in June 2007. He concedes that there was no objection to this evidence, but he argues that the error was fundamental and egregiously harmful. He also urges that his trial counsel was ineffective for having failed to object.

The rules of evidence do not preclude taking notice of fundamental errors affecting substantial rights that were not brought to the attention of the trial court. Tex. R. Evid. 103(d). Appellant's reliance on *Almanza v. State* is misplaced, however, as that opinion applies only to charge error. 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). The court of criminal appeals has "consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Saldano v. State*, 70 S.W.3d 873, 889

---

[1] The print did not match anyone in the police data base.

(Tex. Crim. App. 2002) (footnote omitted). Appellant failed to preserve his complaint regarding the extraneous offense evidence.

Counsel's failure to object to the testimony at issue does not show that counsel was functioning ineffectively. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Appellant argues that the June burglary was too dissimilar to the charged offense to be admissible to prove his identity as the guilty party. He notes that in June, he entered the house through the kitchen window and rifled a drawer in the front bedroom. The October burglar, on the other hand, entered by forcing open the utility room door and stole jewelry from a drawer in the master bedroom.

We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Despite the surface dissimilarities cited by appellant, counsel could have reasonably concluded that the previous burglary was relevant, and hence admissible, to prove appellant's knowledge of the Ojedas' house and his intent to steal their property, and in that way to substantiate appellant's identity as the October burglar. *See* Tex. R. Evid. 404(b). It was also reasonable for counsel to conclude that the evidence was more probative than unfairly prejudicial. *See* Tex. R. Evid. 403. Counsel cannot be deemed ineffective for failing to object to evidence that was, on balance, unobjectionable.

Appellant's challenges to his conviction are overruled. The judgment of conviction is affirmed.


_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: June 3, 2009

Do Not Publish