**Terry Glynn JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–91–00202–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Larry Urquhart, Brenham, for appellant.

Mary Lou Keel, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice

This is an appeal from an order of the trial court entered on February 1, 1991, setting bail at $100,000 without a hearing. This order was made pursuant to a Motion to Establish Bail pending the disposition of the appeal of the revocation of appellant's probation. We vacate the court's order and reverse and remand the cause to the trial court for a hearing on the allegations in appellant's motion to establish bail pending his appeal.

The record reflects that on August 4, 1988, appellant was convicted of the offense of burglary of a building and assessed punishment at five years, probated for five years, and a $1,000 fine. On March 16, 1990, the State filed a motion to revoke probation which alleged failure to report, failure to maintain employment, refusal to submit a urine sample upon request, and a delinquency in payment of the monthly supervision fee and the fine. On May 24, 1990, appellant entered a plea of true to this motion, and the trial court revoked the probation. The trial court reformed the penalty to two years confinement and sentenced appellant. After a motion for new trial was denied, appellant gave timely notice of appeal as to the judgment revoking his probation. The court set bail pending appeal at $5,000.

On October 31, 1990, the trial court conducted a hearing in compliance with an order of this court to determine if appellant was indigent. Prior to that hearing, appellant was free on a $5,000 appeal bond that was accepted by the sheriff on September 28, 1990. At the conclusion of the hearing, the trial court did not make any express ruling on the indigency issue. Rather, the court revoked appellant's appeal bond, ordered him taken into custody, and stated that the court intended to "appoint an attorney to represent him on appeal...." There had been no pleadings or request by the State for revocation or modification of appellant's appeal bond.

The trial court subsequently appointed an attorney to represent the appellant on appeal. On February 1, 1991, counsel filed in the trial court a motion entitled "Motion to Establish Bail Pending the Disposition of the Appeal," which requested the trial court "to set reasonable bail in this cause which authorizes the release of the defendant on bail pending the final determination of his appeal." On the same date, the trial court, without conducting any hearing on this motion, signed an order setting an appeal bond of $100,000. Appellant gave timely notice of appeal from the trial court's determination of reasonable bail.

In his sole point of error appellant asserts that an appeal bond in this case of $100,000 is unreasonable, and, therefore, that this court should reduce the appeal bond. Since the sentence in this case does not include a period of confinement that exceeds fifteen years, appellant is entitled to be released on reasonable bail unless there exists good cause to believe that appellant will not appear when his conviction becomes final or is likely to commit another offense while free on bail. Tex.Code Crim. Proc.Ann. art. 44.04(b) and (c) (Vernon Supp.1991). In this case, the state has

never contended in the trial court that appellant is unlikely to appear when his conviction becomes final or is likely to commit another offense if free on bail while his appeal is pending. Further, the trial court has impliedly determined that neither of these factors are present in this case, since the court has responded to the appellant's request to set reasonable bail by setting an appeal bond. Thus, under the terms of Article 44.04(c), *supra,* the trial court had a duty to "admit appellant to reasonable bail until his conviction becomes final."

Once the trial court entered its order on February 1, 1991, establishing an appeal bond of $100,000, TEX.CODE CRIM.PROC.ANN. Article 44.04(g), granted appellant an absolute right to appeal that order to this court and obtain a review by this court of the reasonableness of the amount of bail established by that order. Article 44.04(g) expressly provides that "said appeal shall be given preference by the appellate court."

In *Ex parte Davila,* 623 S.W.2d 408 (Tex. Crim.App.1981), the court catalogued the following factors that an appellate court may consider in reviewing the reasonableness of the amount of bail on appeal:

(1) The punishment assessed,

(2) The nature of the offense,

(3) The appellant's work record, family ties, and length of residency,

(4) The ability to make bond,

(5) The prior criminal record of appellant,

(6) The existence of other outstanding bonds, and

(7) The appellant's conformity with previous bond conditions.

*Id.* at 410. The court in *Davila* also recognized that "bail should be set sufficiently high reasonably to assure appearances, but not be used as an instrument of oppression, . . . ." *Id.* at 409, n. 2; see also Article 17.15 TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1991).

As to the punishment assessed, a factor identified in *Mayo v. State,* 611 S.W.2d 442 (Tex.Crim.App.1981) as "one of the most important," when the trial court revoked appellant's probation, the court reformed the penalty to two years confinement, the minimum penalty available for the offense of burglary of a building. Quite obviously, this penalty falls well within the permissible range for bail on appeal under Article 44.04, *supra.*

As to the nature of the offense, appellant was initially placed on probation for the offense of burglary of a building. Appellant's testimony at the hearing on his motion for new trial established that he was charged with burglary of a school. There has never been any indication in any of the testimony that the offense involved violence. The basis for the court to revoke probation was failure to report in December, 1989, failure to maintain employment during certain months enumerated in the motion to revoke probation, and failure of appellant to consent to give a urine sample on March 6, 1990, when requested to do so by a probation department employee. None of these alleged violations involve the commission of a criminal offense. All of the alleged violations fall into the general category of "technical" violations of the conditions of probation which relate to matters other than the requirement that the probationer not commit any additional offense while on probation. As to the nature of the original offense for which appellant was convicted and the subsequent violations of conditions of probation which resulted in a revocation of probation, there is nothing to justify an unusually high appeal bond of $100,000.

As to appellant's work record, family ties, and length of residency, very little is disclosed by this record. It does disclose that he is married. At the time of the hearing on October 31, 1990, he was not employed. Testimony at that hearing also showed that appellant spent two days in the psychiatric unit of the Veterans Hospital during August, 1990.

With respect to the appellant's ability to make bond, the testimony at the hearing on October 31, 1990, indicated that appellant was unemployed, and his wife earned approximately $1,200 per month as a waitress. Clearly, there is nothing in this testimony to indicate appellant's ability to afford the unusually high bail set by the court.

**6**

As to the existence of a prior criminal record, appellant testified during the hearing on his motion for new trial that he was twenty-eight years old and had never been arrested before his arrest on August 3, 1988, for burglary of a building which led to his conviction the next day. The State did not attempt to contradict appellant's testimony during cross-examination.

As to appellant's conformity with previous bond conditions, there is no evidence of any special conditions that were placed on the appeal bond that previously existed in this case. The record does establish, however, that when the court scheduled the hearing pursuant to this court's order on October 31, 1990, appellant voluntarily appeared. There is nothing in the record to indicate that appellant, when he was free on an appeal bond of $5,000 ever failed to appear for a hearing or did anything to indicate that he would fail to do so if his conviction is affirmed.

As to the existence of the other outstanding bonds, there are none. We find that maintaining appellant in custody due to his inability to post a $100,000 appeal bond may become an instrument of oppression in this case, since appellant has been in custody at least since October 31, 1990, and could probably have already obtained parole if he had not chosen to exercise his right of appeal. Although the burden of proof is upon appellant to show that the $100,000 bail which was set was excessive, *Ex parte August*, 552 S.W.2d 169 (Tex. Crim.App.1977), it would be pure speculation for us to conclude, as a matter of law that he will be unable to sustain it. We find that the trial court abused its discretion in setting appellant's bail at $100,000 without following the established guidelines set forth in *Ex parte Davila*, 623 S.W.2d 408 (Tex.Crim.App.1981). The February 1, 1991 order of the trial court is reversed and the cause remanded for a hearing on the allegations in appellant's motion to establish bail pending his appeal.