**Roy James COFFEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–07–00149–CR.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 27, 2007.

Decided Dec. 28, 2007.

Jerry Spencer Davis, Attorney At Law, Greenville, TX, appellant.

Jeffrey E. Dailey, Asst. County Atty., Joel Littlefield, County Atty., Greenville, TX, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Roy James Coffel appeals his conviction for driving while intoxicated (DWI), second offense. *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003) (defining crime of DWI), § 49.09 (Vernon Supp.2007) (providing enhanced penalties for subsequent convictions). In a single issue, Coffel contends the trial court erred by admitting evidence about the technical violations he committed during his previous community supervision for DWI. For the reasons stated below, we conclude the trial court did not abuse its discretion by admitting such evidence.

An appellate court reviews a trial court's decision to admit or exclude evidence for abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex.Crim.App. 1990); *Middleton v. State*, 187 S.W.3d 134, 141 (Tex.App.-Texarkana 2006, no pet.). "We will not reverse a trial court whose ruling was within the 'zone of reasonable disagreement.'" *Middleton*, 187 S.W.3d

at 141 (citing *Green v. State*, 934 S.W.2d 92, 102 (Tex.Crim.App.1996); *Montgomery*, 810 S.W.2d at 391) (op. on reh'g)).

The appellate record in this case indicates the State and Coffel agreed to a pretrial discovery order in which, among other things, the State agreed "to provide the cause number, court of jurisdiction, date of conviction, and offense for all extraneous offenses that resulted in a conviction or order of community supervision of which the State intends to present at trial at least ten (10) days prior to trial." The State also agreed "to provide the date, crime, name of crime victim, and county of offense for all extraneous offenses that did not result in a conviction or order of community supervision and that the State intends to present at trial at least ten (10) days prior to trial." *See* Tex.R. Evid. 404(b); Tex.Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp.2007).

Trial in this case took place during the week of May 14 of this year. On April 12, 2007, the State filed its "Notice of Intention To Use Extraneous Offenses And Prior Convictions." Included in that filing was a specific provision indicating the State intended to introduce at trial evidence that "on or about the 21st day of February, 1996, the defendant was convicted of the offense of Driving While Intoxicated in the County Criminal Courts # 7 Court of Dallas County, Texas, in cause number MB9522721H." The reporter's record in this case suggests the State did indeed bring forth such evidence at trial, but the record further suggests the State's evidence showed that Coffel received community supervision in that case, that he committed several "technical" violations of his conditions of community supervision, and that the trial court ultimately revoked that community supervision on the basis of

one or more of those technical violations.[1] It is Coffel's contention in this appeal that the trial court erred by admitting testimony about those technical violations of the 1996 community supervision because the State's April 2007 notice failed to provide additional notice of the State's intent to introduce such evidence at Coffel's May 2007 trial.

■ Community supervision is "the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period" of time that generally results in the suspension of a sentence of imprisonment or confinement. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp.2007). On proof that the defendant has violated one of the terms of that probated sentence, the trial court may, at a proper revocation hearing, either continue the probationer's community supervision (and possibly impose new or additional conditions of supervision) or revoke the probationer's community release. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 21–23 (Vernon Supp.2007).

■ Our appellate jurisprudence has generally divided violation allegations into two categories: "technical" violations and "new offense or new crime" violations. Contrast TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(1) (Vernon Supp.2007) with TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(2–24) (Vernon Supp.2007); and see, e.g., Jackson v. State, 810 S.W.2d 3, 5 (Tex.App.-Houston [14th Dist.] 1991, no pet.) (distinguishing "technical" violations from violations involving the commission of a new crime for purposes of determining appropriateness of bail setting). "Technical" violations are typically those that involve the probationer's failure to report to the probation officer as directed by the trial court, pay various community supervision fees, perform community service at the specified rate, or obey other conditions that have nothing to do with obeying "the laws of this State or of any other State or of the United States." See generally TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp.2007). New offense violations, as the categorical description aptly suggests, concern the defendant's alleged criminal violation of Texas law (or of a law of another state).

■ Coffel now contends that all community supervision violations, whether they be categorized as "technical" violations or as "new offense" violations, are extraneous offenses under our law. Under such a rubric, Coffel contends the State was required to file written notice of its intent to introduce the 1996 technical violations of Coffel's earlier community supervision before such would be admissible in his 2007 prosecution. We disagree.

The sole authority Coffel cites in support of his position that "technical" violations qualify as extraneous offenses is Rankin v. State, 953 S.W.2d 740 (Tex. Crim.App.1996). In Rankin, this State's highest criminal court wrote, "An extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." Id. at 741. One could read such a statement in isolation and agree with Coffel's proposed application of Rankin in the instant case. Under such a framework, a seventeen-year-old on adult community supervision might commit a new offense if he violated a community supervision condition requiring him to follow all

1. We do not have a complete reporter's record of the proceedings below. Because Coffel's request for the reporter's record is not on file with this Court, we will presume Coffel requested only a partial reporter's record in this case. See TEX.R.APP. P. 34.6(b)(1).

school rules. However, the greater context of that statement in *Rankin* shows the court was discussing an extraneous offense that amounted to a violation of our criminal laws, specifically the prohibition against possession of cocaine. *See generally* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003) (criminalizing possession of a penalty group 1 substance, which includes cocaine). It is doubtful that the scope of former Presiding Judge McCormick's opinion could be read to include a violation of one's high school teacher's prohibition against chewing gum in senior English, nor would one be independently prosecuted in a court of law for merely chewing gum—yet that is the probable extreme to which Coffel would extend his analysis of that isolated, extra-contextual quote from *Rankin*.

Black's Law Dictionary defines the word "offense" as "A violation of the law; a crime, often a minor one." BLACK'S LAW DICTIONARY 1110 (8th ed.2004). Our Legislature has repeatedly used the term "offense" to describe conduct that has been specifically criminalized by statute. *See, e.g.,* TEX.CODE CRIM. PROC. ANN. art. 37.08 (Vernon 2006) ("In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."), art. 37.09 (Vernon 2006) ("An offense is a lesser included offense [of another crime] if . . . ."); TEX. PENAL CODE ANN. § 1.07(23) (Vernon Supp. 2007) (" 'Felony' means an offense so designated by law or punishable by death or confinement in a penitentiary."), § 1.07(31) (" 'Misdemeanor' means an offense so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail."). Appellate courts of this State have generally used the term "offense" as a direct synonym for the term "crime." *See, e.g., Hall v. State,* 225 S.W.3d 524, 525 (Tex.Crim.App.2007) ("We hold that [the method of determining whether the allegation of a greater offense includes a lesser offense] should be made by comparing the elements of the greater offense, as the State pled it in the indictment, with the elements in the statute that defines the lesser offense."); *Miramontes v. State,* 225 S.W.3d 132, 140 (Tex.App.-El Paso 2005, no pet.) ("Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case."); *Ketchum v. State,* 199 S.W.3d 581, 588 (Tex.App.-Corpus Christi 2006, pet. ref'd) (same principle); *Montgomery v. State,* 198 S.W.3d 67, 88 (Tex.App.-Fort Worth 2006, pet. ref'd) ("A lesser-included offense is defined both in terms of the offense charged and the facts of the case."); *State v. Walker,* 195 S.W.3d 293, 298 (Tex.App.-Tyler 2006, no pet.) (contrasting theories behind *malum prohibitum* offenses *and malum in se* offenses, but noting that both types of offenses are limited to criminalized conduct); *Neely v. State,* 193 S.W.3d 685, 687 (Tex.App.-Waco 2006, no pet.) (using term "offense" to describe conduct criminalized by Legislature); *Owens v. State,* 19 S.W.3d 480, 484 (Tex.App.-Amarillo 2000, no pet.) ("In the absence of constitutional restraint or definition to the contrary, the Legislature possesses the power to create and define offenses within its sound discretion.").

However, the final nail in the coffin for Coffel's argument is the language provided by the Legislature in Section 1.03 of the Texas Penal Code: "Conduct does *not* constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute." TEX. PENAL CODE ANN.

§ 1.03 (Vernon 2003) (emphasis added).[2] None of the provisions of Article 42.12 of the Texas Code of Criminal Procedure (that portion of our law outlining the general conditions of community supervision to be imposed by a trial court) have been designated by the Legislature as outlining crimes or "offenses." Thus, to the extent Coffel now seeks to characterize "technical" violations of community supervision as new offenses, and thereby require the State to provide pretrial notice of its intent to introduce evidence regarding technical community supervision violations in a future prosecution pursuant to Article 37.07 or Rule 404(b), Coffel's argument finds no support in our statutes or caselaw.

The Texas Legislature has expressly limited the definition of the conduct that constitutes an "offense" to conduct that has been specifically criminalized by our law. The Texas Legislature has not taken steps to include "technical" violations of community supervision within the scope of the term "offense," as that term is commonly used by our statutes and our caselaw. Coffel has directed our attention to no authority that requires such an expansive interpretation of that term, nor has our independent research revealed any authority that has adopted such sophistry. Without support via statute or caselaw, we cannot say the trial court abused its discretion by overruling Coffel's objection and by concluding the State was not required to provide advance pretrial notice of the State's intent to introduce evidence of Cof-

fel's technical violations of a previous community supervision.

We affirm the trial court's judgment.

---

**2.** Other states have similarly said the term "offense" is synonymous with "crime" or other words defining a violation of penal law. *See, e.g., State v. Slowe,* 230 Wis. 406, 284 N.W. 4, 6 (Wis.1939) ("The terms 'crime,' 'offense,' and 'criminal offense' are all synonymous, and are ordinarily used interchangeably, and include any breach of law established for the protection of the public, as distinguished from an infringement of mere private rights, for which a penalty is imposed or punishment inflicted in any judicial proceeding."); *State v. Mosley,* 260 Mont. 109, 860 P.2d 69, 74 (1993) (term "offense" in affidavit supporting search warrant application means violation of state law); *State v. Gustafson,* 76 Ohio St.3d 425, 668 N.E.2d 435 (1996) ("offense" is doing that which a penal law forbids).