Opinion filed July 14,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00228-CR

                                                    __________

 

                             MATTHEW
JAMES SHARP, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

                                                           Brown
County, Texas

                                                   Trial
Court Cause No. CR19700

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Matthew
James Sharp pleaded guilty to the offense of indecency with a child by contact,
a second degree felony under Tex. Penal
Code Ann. § 21.11(a)(1) (Vernon 2011).  After the trial court found
appellant guilty pursuant to his plea, the jury assessed punishment at
confinement for sixteen years.  We affirm.

            Appellant
presents three issues relating to the punishment phase of trial.  In the first
issue, appellant argues that the trial court abused its discretion in denying a
motion for mistrial based upon a violation of “the rule,” Tex. R. Evid. 614, by the victim and
her counselor, Linda Harriss.  Harriss – a registered nurse, licensed
professional counselor – had been treating the victim for about ten months at
the time of trial.  The victim in this case delayed her outcry against
appellant, and Harriss testified that she thought the victim still had not
disclosed all of the details of the sexual abuse.  On redirect, the State
informed Harriss that the victim had testified in court that appellant had
caused her to perform oral sex on him.  The State asked Harriss if that
surprised her, and Harriss responded that it did not.  The State then suggested
that this information was new to Harriss, but Harriss stated that, when she saw
the victim “while ago,” the victim “disclosed that to [her].”  Appellant
objected to the witnesses’ violation of the rule.  The trial court agreed that
the rule had been violated but did not believe that any damage had been done. 
The trial court directed the State “to move off of that line of questioning.”  Appellant
then moved for mistrial.

            A
trial court’s denial of a mistrial is reviewed for an abuse of discretion and
must be upheld if it was within the zone of reasonable disagreement.  Ocon
v. State, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).  A mistrial is an
extreme remedy that should be granted “only when residual prejudice remains”
after less drastic alternatives are explored.  Id. at 884-85.  Though
requesting lesser remedies is not necessarily a prerequisite to a motion for
mistrial, when the movant does not first request a lesser remedy, we will not
reverse the trial court’s judgment if the problem could have been cured by a
less drastic alternative.  Id.; Young v. State, 137 S.W.3d 65, 70-71
(Tex. Crim. App. 2004).  In this case, appellant did not request any lesser
remedies, such as an instruction to disregard, or ask to take the witness on
voir dire to determine the extent of any rule violation.  The error in this
case was not incurable.  Thus, we cannot hold that the trial court abused its
discretion in denying appellant’s motion for mistrial.  Appellant’s first issue
is overruled.  

            In
his second issue, appellant contends that the trial court erred in permitting Harriss
to give her opinion as to whether there were “still things that [the victim] is
holding back.”  Appellant objected that such testimony was inadmissible under Tex. R. Evid. 702,[1]
that Harriss could not testify as to the truthfulness of the victim, and that
Harriss could not testify as a “clairvoyant” as to whether the victim had told
her everything.  The trial court overruled appellant’s objection.  Harriss then
testified, “Based upon what she did tell me and what the norm is in victims
that I see, especially when it has gone on for four years, and based upon how
she so desperately has struggled through this, I felt like there was more
disclosure to come.”

            Appellant
relies on Sessums v. State, 129 S.W.3d 242 (Tex. App.—Texarkana 2004,
pet. ref’d), in support of his argument.  In Sessums, expert witnesses
directly testified as to the truthfulness and credibility of the child who was
the victim in that case. 129 S.W.3d 247-48.  Such testimony is inadmissible
under Rule 702.  Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim. App.
1993).  In contrast to the experts in Sessums, Harriss did not testify
regarding the truthfulness of the victim.  Under Rule 702, it was permissible
for Harriss to testify regarding behavioral characteristics common among abused
children and to give her expert opinion regarding the victim’s delayed
disclosure.  See Reyes v. State, 274 S.W.3d 724, 730 (Tex. App.—San
Antonio 2008, pet. ref’d).  The trial court did not abuse its discretion in
permitting such testimony.  Appellant’s second issue is overruled.  

            In
his final issue, appellant contends that the trial court erred in permitting
improper testimony from the Child Protective Services caseworker, Amanda
Presswood.  Appellant specifically complains of Presswood’s testimony that
appellant failed to follow the “service plan” and that one of the victim’s
younger sisters exhibited conduct suggesting that she had also been abused. 
Appellant objected at trial that he had not received notice of the State’s
intent to introduce evidence of his failure to follow the service plan and that
his failure to follow the service plan was irrelevant. The trial court
overruled appellant’s objection. Presswood subsequently testified that the
purpose of the service plan, which was instituted after the victim’s allegation
of sexual abuse, was family reunification and that appellant failed to complete
the psychosexual evaluation, the psychological evaluation, the sex offender
risk assessment, or therapy as provided for in the service plan.

            At
the punishment phase of trial, evidence may be offered as to any matter the
trial court deems relevant to sentencing, including “evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have
been committed by the defendant or for which he could be held criminally
responsible.”  Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2010).  If requested, the
State is required to give notice of its intent to introduce such evidence.  Id.
Article 37.07, § 3(g).

The
record shows that appellant filed an application for probation.  Appellant’s
failure to follow the service plan by refusing any treatment, therapy, or
evaluation with respect to his sexual abuse of the victim was, therefore,
relevant to the jury’s determination of whether appellant was suitable for
community supervision.  See Ellison v. State, 201 S.W.3d 714 (Tex. Crim.
App. 2006) (suitability for community supervision is a matter relevant to
sentencing under Article 37.07, section 3(a)).  Furthermore, the State was not
required to give notice under Article 37.07, section 3(g) because appellant’s
failure to follow the service plan did not constitute an extraneous crime or
bad act.  See Coffel v. State, 242 S.W.3d 907 (Tex. App.—Texarkana 2007,
no pet.) (the defendant’s technical violations of a previous community
supervision were not extraneous offenses, and pretrial notice was not
required).

With
respect to Presswood’s testimony regarding the victim’s sister’s acting out, we
note that appellant did not object at trial to any lack of notice of the
State’s intent to introduce that evidence.  Therefore, that complaint has not
been preserved for appellate review.  Tex.
R. App. P. 33.1(a).  Appellant states in his brief that he
objected “on a number of grounds, including rule 702.”  The record shows that
appellant objected “that she is not qualified to answer under 702” when the
State asked Presswood:  “In your experience, do children always come out and
outcry against the person they love immediately?”  The trial court overruled
appellant’s objection.  In his brief, appellant fails to present any argument
as to Presswood’s qualifications or Presswood’s testimony being in violation of
Rule 702.  See Tex. R. App. P.
38.1(i) (requiring appellant’s brief to include a clear and concise argument
for the contentions made).  Furthermore, Presswood had experience as a CPS
caseworker and was asked to answer a question based upon that experience. 
Appellant has not shown that the testimony was inadmissible under Rule 702.  We
hold that the trial court did not abuse its discretion in admitting the
complained-of evidence.  Appellant’s third issue is overruled.  

The
judgment of the trial court is affirmed.

 

            

July 14, 2011                                                                                       JIM
R. WRIGHT

Do not publish. 
See Tex. R. App. P.
47.2(b).                                              CHIEF JUSTICE

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]










[1]Rule
702 provides:

 

If
scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.   





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.