**Opinion filed July 14, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00228-CR

_____

## MATTHEW JAMES SHARP, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR19700**

### M E M O R A N D U M   O P I N I O N

Matthew James Sharp pleaded guilty to the offense of indecency with a child by contact, a second degree felony under TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2011). After the trial court found appellant guilty pursuant to his plea, the jury assessed punishment at confinement for sixteen years. We affirm.

Appellant presents three issues relating to the punishment phase of trial. In the first issue, appellant argues that the trial court abused its discretion in denying a motion for mistrial based upon a violation of "the rule," TEX. R. EVID. 614, by the victim and her counselor, Linda Harriss. Harriss – a registered nurse, licensed professional counselor – had been treating the victim for about ten months at the time of trial. The victim in this case delayed her outcry against

appellant, and Harriss testified that she thought the victim still had not disclosed all of the details of the sexual abuse. On redirect, the State informed Harriss that the victim had testified in court that appellant had caused her to perform oral sex on him. The State asked Harriss if that surprised her, and Harriss responded that it did not. The State then suggested that this information was new to Harriss, but Harriss stated that, when she saw the victim "while ago," the victim "disclosed that to [her]." Appellant objected to the witnesses' violation of the rule. The trial court agreed that the rule had been violated but did not believe that any damage had been done. The trial court directed the State "to move off of that line of questioning." Appellant then moved for mistrial.

A trial court's denial of a mistrial is reviewed for an abuse of discretion and must be upheld if it was within the zone of reasonable disagreement. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is an extreme remedy that should be granted "only when residual prejudice remains" after less drastic alternatives are explored. *Id.* at 884-85. Though requesting lesser remedies is not necessarily a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the trial court's judgment if the problem could have been cured by a less drastic alternative. *Id.*; *Young v. State*, 137 S.W.3d 65, 70-71 (Tex. Crim. App. 2004). In this case, appellant did not request any lesser remedies, such as an instruction to disregard, or ask to take the witness on voir dire to determine the extent of any rule violation. The error in this case was not incurable. Thus, we cannot hold that the trial court abused its discretion in denying appellant's motion for mistrial. Appellant's first issue is overruled.

In his second issue, appellant contends that the trial court erred in permitting Harriss to give her opinion as to whether there were "still things that [the victim] is holding back." Appellant objected that such testimony was inadmissible under TEX. R. EVID. 702,[1] that Harriss could not testify as to the truthfulness of the victim, and that Harriss could not testify as a "clairvoyant" as to whether the victim had told her everything. The trial court overruled appellant's objection. Harriss then testified, "Based upon what she did tell me and what the

---

[1]Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

norm is in victims that I see, especially when it has gone on for four years, and based upon how she so desperately has struggled through this, I felt like there was more disclosure to come."

Appellant relies on *Sessums v. State*, 129 S.W.3d 242 (Tex. App.—Texarkana 2004, pet. ref'd), in support of his argument. In *Sessums*, expert witnesses directly testified as to the truthfulness and credibility of the child who was the victim in that case. 129 S.W.3d 247-48. Such testimony is inadmissible under Rule 702. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). In contrast to the experts in *Sessums*, Harriss did not testify regarding the truthfulness of the victim. Under Rule 702, it was permissible for Harriss to testify regarding behavioral characteristics common among abused children and to give her expert opinion regarding the victim's delayed disclosure. *See Reyes v. State*, 274 S.W.3d 724, 730 (Tex. App.—San Antonio 2008, pet. ref'd). The trial court did not abuse its discretion in permitting such testimony. Appellant's second issue is overruled.

In his final issue, appellant contends that the trial court erred in permitting improper testimony from the Child Protective Services caseworker, Amanda Presswood. Appellant specifically complains of Presswood's testimony that appellant failed to follow the "service plan" and that one of the victim's younger sisters exhibited conduct suggesting that she had also been abused. Appellant objected at trial that he had not received notice of the State's intent to introduce evidence of his failure to follow the service plan and that his failure to follow the service plan was irrelevant. The trial court overruled appellant's objection. Presswood subsequently testified that the purpose of the service plan, which was instituted after the victim's allegation of sexual abuse, was family reunification and that appellant failed to complete the psychosexual evaluation, the psychological evaluation, the sex offender risk assessment, or therapy as provided for in the service plan.

At the punishment phase of trial, evidence may be offered as to any matter the trial court deems relevant to sentencing, including "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2010). If requested, the State is required to give notice of its intent to introduce such evidence. *Id.* Article 37.07, § 3(g).

The record shows that appellant filed an application for probation. Appellant's failure to follow the service plan by refusing any treatment, therapy, or evaluation with respect to his

sexual abuse of the victim was, therefore, relevant to the jury's determination of whether appellant was suitable for community supervision. *See Ellison v. State*, 201 S.W.3d 714 (Tex. Crim. App. 2006) (suitability for community supervision is a matter relevant to sentencing under Article 37.07, section 3(a)). Furthermore, the State was not required to give notice under Article 37.07, section 3(g) because appellant's failure to follow the service plan did not constitute an extraneous crime or bad act. *See Coffel v. State*, 242 S.W.3d 907 (Tex. App.— Texarkana 2007, no pet.) (the defendant's technical violations of a previous community supervision were not extraneous offenses, and pretrial notice was not required).

With respect to Presswood's testimony regarding the victim's sister's acting out, we note that appellant did not object at trial to any lack of notice of the State's intent to introduce that evidence. Therefore, that complaint has not been preserved for appellate review. TEX. R. APP. P. 33.1(a). Appellant states in his brief that he objected "on a number of grounds, including rule 702." The record shows that appellant objected "that she is not qualified to answer under 702" when the State asked Presswood: "In your experience, do children always come out and outcry against the person they love immediately?" The trial court overruled appellant's objection. In his brief, appellant fails to present any argument as to Presswood's qualifications or Presswood's testimony being in violation of Rule 702. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to include a clear and concise argument for the contentions made). Furthermore, Presswood had experience as a CPS caseworker and was asked to answer a question based upon that experience. Appellant has not shown that the testimony was inadmissible under Rule 702. We hold that the trial court did not abuse its discretion in admitting the complained-of evidence. Appellant's third issue is overruled.

The judgment of the trial court is affirmed.


July 14, 2011                                                      JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).              CHIEF JUSTICE

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.