**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00044-CR**
_____

**NILE ALI IRSAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-06-06612-CR**

**MEMORANDUM OPINION**

On November 13, 2014, Appellant Nile Ali Irsan was indicted for providing a prohibited substance to a person who was in the custody of a correctional facility. *See* Tex. Penal Code Ann. § 38.11(a) (West Supp. 2017).[1] Irsan pleaded guilty pursuant to a plea agreement, and on December 4, 2014, the trial court deferred adjudication and placed Irsan on community supervision for a period of four years.

_____

[1] We cite to the current version of the statute as subsequent amendments do not affect our disposition.

1

On September 27, 2016, the State filed a motion to adjudicate Irsan's guilt, which alleged eight violations of the terms of Irsan's community supervision. At the motion to adjudicate hearing in January of 2017, Irsan pleaded "not true" to all eight violations. The trial court found six of the alleged violations to be true, revoked Irsan's community supervision, adjudicated him guilty, and sentenced him to imprisonment for five years. In five issues on appeal, Appellant challenges the trial court's revocation of his community supervision and adjudication of guilt. We affirm.

Issues

In his first issue, Appellant argues that the trial court violated his due process rights when the trial court ruled that the State could offer prior bad acts evidence during a penalty phase of the hearing and then allowed the testimony during the State's presentation of evidence on the motion to adjudicate. In his second issue, Appellant argues that the trial court erred in admitting his probation officer's testimony concerning the substances for which Irsan tested positive in a urinalysis. Appellant's third issue argues that the trial court erred in admitting the results of a urinalysis with attachments under the rule of optional completeness. Appellant's remaining issues argue that there was insufficient evidence to sustain findings that he tested positive for opiates and benzodiazepines, that he had not timely satisfied

2

the community service requirements, and that he had not timely paid probation and urinalysis fees.

## Standard of Review

An appellate court's review of an order adjudicating guilt is generally limited to a determination of whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a hearing to revoke deferred adjudication, the State only needs to prove the violation of a condition of probation by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). We must examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

In determining whether the allegations in the motion to revoke are true, the trial court is the sole trier of facts, the judge of the credibility of the witnesses, and the arbiter of the weight to be given to the testimony. *Trevino v. State*, 218 S.W.3d

3

234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). Reconciliation of conflicts or contradictions in the evidence rests within the province of the factfinder, and such conflicts will not call for reversal if the conviction finds support in the evidence. *See Cooks v. State*, 844 S.W.2d 697, 708 (Tex. Crim. App. 1992); *Shah v. State*, 403 S.W.3d 29, 34 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). To support the trial court's order revoking community supervision, the State need only establish one sufficient ground for revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

When a trial court fails to make specific findings of fact and conclusions of law, it is presumed that the court made the necessary findings to support its decision. *Ice v. State*, 914 S.W.2d 694, 695 (Tex. App.—Fort Worth 1996, no pet.). The reviewing court does not engage in its own fact finding, but rather must review the entire record to determine whether there are any facts that lend support for any theory upon which the trial court's decision can be sustained. *Id.* at 695-96. If the implied or actual finding is supported by the record, it must be sustained. *Id.* at 696.

To preserve error for appellate review under Texas Rule of Appellate Procedure 33.1(a), the record must show that (1) the complaining party made a timely and specific request, objection, or motion; and (2) the trial judge either ruled

on the request, objection, or motion (expressly or implicitly), or he refused to rule and the complaining party objected to that refusal. Tex. R. App. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). The contention on appeal must also comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008 pet. ref'd) (An objection stating one legal theory may not be used to support a different legal theory on appeal.).

Right to Due Process

Appellant's first issue argues that the trial court erred in admitting extraneous acts evidence over the defendant's objection and that admitting such evidence prior to a finding of guilt violated his right to due process and to a bifurcated hearing.

At the hearing on the motion to adjudicate, before any testimony was heard, defense counsel asked the trial court not to admit certain testimony:

> Your Honor, I have been made aware that there may be an F.B.I. agent that is here in the courtroom. And on one of the pages of the Motion to Revoke, there was kind of a random note that stated this officer received notification that the Defendant appeared intoxicated. Mr. Irsan seems to think this F.B.I. agent may have been the person who made this report. It is not alleged in the Motion to Adjudicate. And so informal motion in limine I would like to request that anything that is not alleged not be admitted.

The trial court ruled as follows:

5

THE COURT: That will be denied. It is a Motion to Adjudicate, and there is also going to be a punishment phase if I find the allegations to be true.

Later during the motion to adjudicate hearing, the agent testified and during the agent's testimony, defense counsel made this objection:

[Defense counsel]: I object to relevance.

THE COURT: Overruled. I will allow it.

On appeal, Appellant now argues that defense counsel's initial objection was "on extraneous offense rules under the Texas Rules of Evidence[,]" even though "Appellant's counsel [did] not use these words[.]" On appeal, Appellant also characterizes his attorney's relevance objection during the agent's testimony as "a T.R.E. 404 objection[.]"

To preserve error to the admission of extraneous bad acts, the defendant must first timely object that the evidence is inadmissible under Rule 404(b) of the Texas Rules of Evidence and the objection must clearly communicate the legal basis for the objection. *See Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991) (op. on reh'g); *Taylor v. State*, 939 S.W.2d 148, 154-55 (Tex. Crim. App. 1996). The basis of the defense's objection to the trial court was lack of relevance. Because the record does not indicate that defense counsel objected to the evidence

6

as extraneous bad acts evidence, Appellant failed to preserve any error on this issue. *See* Tex. R. App. P. 33.1(a).

As to Appellant's argument that the trial court erred by failing to conduct a bifurcated hearing, we find no error. The Court of Criminal Appeals has held that a defendant "'is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence.'" *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (quoting *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (emphasis in original)); *see also* Tex. Code Crim. Proc. Ann. art. 42A.110(a) (West 2018) ("After an adjudication of guilt, all proceedings, including assessment of punishment . . . continue as if the adjudication of guilt had not been deferred.").[2] Although a defendant is entitled to a separate punishment hearing after an adjudication of guilt, this is a statutory right that can be waived. *See Vidaurri*, 49 S.W.3d at 886 (citing *Issa*, 826 S.W.2d at 161). The trial court should be given the chance to allow the defendant to present punishment evidence or to make a ruling denying the defendant such an opportunity. *See id.*; *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) ("Appellant had the *opportunity* to present evidence *during the proceedings*. That is all that is

---

[2] Previously codified at Texas Code of Criminal Procedure, article 42.12, section 5(b) (repealed January 1, 2017).

7

required.") (emphasis in original). A trial court does not abuse its discretion for failing to bifurcate a motion to adjudicate hearing when the defendant is given an opportunity to present mitigating punishment evidence. *See Grammer v. State*, 294 S.W.3d 182, 192 (Tex. Crim. App. 2009).

In this case, Appellant did not complain about the lack of a separate punishment hearing either at the time he was adjudicated guilty or in a motion for new trial. *See* Tex. R. App. P. 33.1(a)(1). The record also reflects that Irsan had the opportunity to present mitigating punishment evidence at the hearing on the motion to adjudicate. Irsan's probation officer testified that Irsan reported to probation as instructed, timely reported for drug tests, was responsive to requests for documentation, and had no prior convictions. The defense called Irsan's sister to testify, and she testified that, in addition to working, Irsan takes care of her as well as two younger brothers. His sister also testified that Irsan has never drunk alcohol or used illegal drugs. Therefore, even assuming Appellant preserved error on this issue, because the record reflects that Irsan was given an opportunity to present mitigating punishment evidence, we conclude the trial court did not abuse its discretion in failing to bifurcate the hearing. *Grammer*, 294 S.W.3d at 192. We overrule Appellant's first issue.

8

Admission of Urinalysis Evidence

In two issues, Appellant challenges the urinalysis evidence. Appellant's second issue argues that, even though the trial court sustained the defense's objection that the probation officer was not qualified to testify as an expert, the trial court "allowed the probation officer to testify to what the [urinalysis] test results said," which Appellant now argues was hearsay evidence. Appellant also argues that his rights under the Confrontation Clause were violated because he was denied the right to cross-examine the probation officer "on material issues surrounding the alleged probation violations such as false positives . . . and whether prescription medication was habit forming." Appellant's brief concedes that trial counsel did not object on these bases at trial. We agree, and for that reason, we conclude that Appellant failed to preserve error on this issue. *See* Tex. R. App. P. 33.1(a); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (a Confrontation Clause objection must be made in the trial court to preserve the complaint for review on appeal). We also note that defense counsel offered and the trial court admitted a positive urinalysis notification document as Defendant's Exhibit 1 that shows a June 9, 2016 urinalysis of Irsan detected benzodiazepines and opiates. Even assuming that Appellant had preserved error and that the admission of urinalysis evidence was improper, such admission is harmless when the same or similar evidence is admitted elsewhere

without objection. *See Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Appellant has failed to show harm, and we overrule Appellant's second issue.

Appellant's third issue challenges certain evidence offered by the State. At the hearing, after the defense offered and the court admitted the positive urinalysis notification document, the State offered additional documents "for optional completeness." Defense counsel objected as follows: "She stated under optional completeness, but that was a document that stood alone with her documents. There are also prescriptions that are attached to it. Foundation hasn't been laid for those. And I know she testified she is not an expert." The trial court overruled the objection and admitted the State's evidence. On appeal, Appellant argues that admission of this evidence under the "rule of optional completeness" was in error because the evidence was hearsay and because admission of such evidence denied him the right to confront his accuser. Appellant failed to make either a hearsay objection or a right to confront the witness objection to the trial court. By failing to make these objections to the trial court, Appellant waived error on these points. *See* Tex. R. App. P. 33.1(a). Furthermore, Appellant's contention on appeal does not comport with the objection made at the trial court. *Wilson*, 71 S.W.3d at 349; *Rothstein*, 267 S.W.3d at 373. We overrule Appellant's third issue.

10

Failure to Timely Complete Community Service

Appellant's fifth issue argues that there was insufficient evidence to find that Irsan had not satisfied his community service requirement under the terms of his community supervision because when the motion to adjudicate was filed, he had completed 240 of the required 200 hours. Appellant argues that "probation conditions have been regarded as contractual[,]" and by failing to file a motion to adjudicate at the earliest time Irsan was out of compliance with his community service requirement, the State "should be estopped from asserting the violation after Appellant did more than the hours required to satisfy his condition."

> One of the terms of Irsan's community supervision required that he
>
> [c]ontribute 200 hours in community service restitution at an organization approved by the Court and designated by the Community Supervision and Corrections Department. Community restitution is ORDERED to be performed at the rate of 16 hours per month beginning January, 2015[.]

The State's motion to adjudicate alleged that "Defendant failed to contribute 200 hours of community service restitution at the rate of 16 hours per month for the months of January 2015, February 2015, April 2015, and May 2015 and June 2015." At the hearing, Irsan's probation officer testified that Irsan contributed fewer than the required number of community service hours for the months of January, February, April, May, and June of 2015. By the time of the hearing on the motion to

revoke, Irsan had contributed a total of 240 community service hours, which included credit for making food donations. The probation officer was questioned about the community service requirement as follows:

> [Defense counsel]: Okay. And so how many hours -- I am looking here at your notes. So when they do in excess of the hours they are required to do, do you float those to the back, or do you give them credit for days they were short for February? How does that work when they exceed the number of hours?
>
> [Probation Officer]: He was already behind. So if you are behind, you can't make them up the next month. If you didn't do them in February, you can't do them in March. You have to do them at 16 per month.
>
> [Defense counsel]: Did you ever tell Mr. Irsan to try to hurry up and make up the hours that you might have missed? Did you ever tell that to him?
>
> [Probation Officer]: No, because it doesn't work that way. I told him to start working his hours of community service.

Courts may revoke community supervision for a violation of any condition, including violations of any single technical condition. *See Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.). "Technical" violations may include the probationer's failure to report to the probation officer, pay community supervision fees, and perform community service at the specified rate. *See Coffel v. State*, 242 S.W.3d 907, 909 (Tex. App.—Texarkana 2007, no pet.). The record reflects that Irsan did not contribute the required number of monthly community service hours for five months. Therefore, the trial court would not have abused its

discretion in concluding that the State met its burden to prove by a preponderance of the evidence that Irsan had violated a term of his community supervision by failing to comply with his monthly community service requirement. *See Rickels*, 202 S.W.3d at 763-64.

Appellant's brief argues that the trial court abused its discretion in finding Irsan violated the community service requirement of his community supervision because at the time the State filed its motion to adjudicate, Irsan had completed "20% more hours than required by completing 240 of 200 required hours of community service restitution." According to Appellant, when he accepted the State's offer of community supervision, the offer specified only a total number of hours to be completed. Citing to *Cook v. State*, No. 12-09-00201-CR, 2010 Tex. App. LEXIS 9869 (Tex. App.—Tyler Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication) and *Welch v. State*, No. 06-03-00068-CR, 2003 Tex. App. LEXIS 9698 (Tex. App.—Texarkana Nov. 14, 2003, no pet.) (mem. op., not designated for publication), Appellant also argues that other courts have found violations of community service requirements where the probationers "were behind on average" at the time the State filed its motion to adjudicate or to revoke. As we have already noted herein, Irsan's conditions of community supervision required both a total of 200 hours as well as sixteen hours per month, and the probation officer's testimony

13

supported a conclusion that Irsan did not meet this requirement. Neither *Cook* nor *Welch* requires a different conclusion. *See Cook*, 2010 Tex. App. LEXIS 9869, at \*6 ("Appellant failed to complete ten hours in November, December, and January, and consequently, he did not complete ten hours 'each month.'"); *Welch*, 2003 Tex. App. LEXIS 9698, at \*5 ("[W]e find the great weight of the credible evidence creates a reasonable belief that Welch violated the condition of his community supervision requiring him to perform ten hours of community service each month[.]").

As to Appellant's contract and estoppel arguments, Appellant did not make either of these objections to the trial court; thus, he failed to preserve error on such arguments. *See* Tex. R. App. P. 33.1(a). We also note that Appellant's brief cites to no legal authority for his contract and estoppel arguments. *See* Tex. R. App. P. 38.1(i). We overrule Appellant's fifth issue.

Appellant's remaining issues address sufficiency of the evidence to support the revocation order. We have already concluded that the State met its burden of showing by a preponderance of the evidence that Irsan violated at least one condition of the community supervision order. Proof of one violation is sufficient to support a revocation order. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (citing *Moore*, 605 S.W.2d at 926). Therefore, we need not address Irsan's remaining issues. *See* Tex. R. App. P. 47.1. We affirm the trial court's judgment.

AFFIRMED.

                             _____

                              LEANNE JOHNSON
                                   Justice

Submitted on June 19, 2018
Opinion Delivered June 27, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.