

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00780-CR

Clint Harrison **ELLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A15-100
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: April 10, 2019

AFFIRMED

Clint Harrison Eller appeals the trial court's judgment adjudicating his guilt, revoking his community supervision, and sentencing him to eighty years' imprisonment. We affirm the trial court's judgment.

### BACKGROUND

Eller was charged with one count of aggravated sexual assault of a child younger than fourteen years old by penetrating the child's anus with his male sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B). On May 19, 2016, Eller pled guilty and received ten

years of deferred adjudication community supervision. On October 17, 2016, the State filed a third amended motion to adjudicate guilt and revoke community supervision alleging that Eller violated multiple conditions of his community supervision. Eller pled "not true" to all the alleged violations. An evidentiary hearing was held on June 30, 2017 and continued on September 21, 2017. At the conclusion of the hearing, the trial court found that Eller violated the following conditions of his community supervision:[1]

> Condition No. 1 by committing the new offenses of failure to comply with sex offender registration requirements in that (a) on or about July 18, 2016, he failed to update his job information with the Kerr County Sheriff's Office; (b) on or about June 27, 2016, he failed to update his place of residence with the Kerr County Sheriff's Office; (c) on or about June 24, 2016, he failed to obtain an annually renewable driver's license in Kerr County; and (d) on or about June 27, 2016, he failed to update his place of residence with the Fredericksburg Police Department or the Gillespie County Sheriff's Office;
>
> Condition No. 8 by failing to notify his probation officer within twenty-four hours of a change in his employment;
>
> Condition No. 9(c) by failing to pay his $30 monthly probation fee for May, June, and July 2016;
>
> Condition No. 11 by failing to file a statement of income for July 2016;
>
> Condition No. 12 by failing to complete any community service hours required to be performed at the rate of 16 hours per month;[2]
>
> Condition No. 19 by being outside his residence at approximately 11:12 p.m. on August 8, 2016 in violation of his 11:00 p.m. to 6:00 a.m. curfew; and
>
> Condition No. 12 of the Standard Sex Offender Conditions by being within 500 yards of Comfort Elementary School without written approval of the trial court or his probation officer.

---

[1] The trial court found that other violations alleged in the State's third amended motion to revoke were "not true."

[2] Despite the trial court's finding that Eller failed to perform community service hours, the community supervision conditions in this case did not include the performance of any community service.

Based on these violations, the trial court adjudicated Eller guilty of the underlying offense of aggravated sexual assault of a child, revoked his community supervision, and sentenced him to eighty years' imprisonment. Eller appealed.

**ANALYSIS**

In his first two issues on appeal, Eller asserts the evidence is insufficient to support the trial court's findings that he violated Condition No. 1 by committing the new offenses of failure to comply with sex offender registration requirements and violated the other enumerated conditions of his community supervision. In his third issue, Eller contends he received ineffective assistance from his trial counsel with respect to the allegations that he committed the new offenses.

### *Violation of Community Supervision Conditions*

In a proceeding to revoke community supervision, the State bears the burden to prove the defendant violated a term of his community supervision by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. [Panel Op.] 2006). The State meets its burden when the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the motion to revoke. *Rickels*, 202 S.W.3d at 764. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's finding and defer to the trial court as the sole fact finder and judge of the witnesses' credibility. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979); *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763.

Eller argues the evidence was conflicting and therefore insufficient to establish he committed new offenses by failing to comply with the sex offender registration requirements in violation of Condition No. 1, as set forth above. He also asserts that the remaining violations found

by the trial court were merely "technical" violations and did not warrant revocation. *See Coffel v. State*, 242 S.W.3d 907, 909 (Tex. App.—Texarkana 2007, no pet.) ("technical" violations include the probationer's failure to report to the probation officer, to pay probation fees, and to perform community service hours at the specified rate). Eller cites no legal authority to support a distinction between violation of a condition by committing a new offense and violation of a "technical" condition for purposes of a revocation proceeding. To the contrary, sufficient proof of a single violation of any condition of community supervision, including a technical condition, will support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.).

*Presence Within 500 Yards of a School and Curfew Violation*

Under Condition No. 12 of the Standard Sex Offender Conditions, Eller was required to avoid being within 500 yards of "any school, day care, or other area where children reside" except with written approval of the court or probation officer; an exception was made for a specified day care center. Condition No. 19 of Eller's community supervision required him to abide by an 11:00 p.m. to 6:00 a.m. curfew by being inside his residence during that time period. At the revocation hearing, Kerrville Sheriff's Deputy Matthew Jacobsen testified he made contact with Eller at approximately 11:15 p.m. on August 8, 2016 at a location within 500 yards of Comfort Elementary School. Specifically, Deputy Jacobsen found Eller sitting in his truck while parked in front of a residence located at 618 5th Street in Comfort, Texas. Other evidence showed that Eller's residence was in Center Point, Texas. Eller argues on appeal that the State failed to prove that he knew he was near a school and that he intended to violate his curfew. However, during his testimony, Eller admitted that he was sitting in his truck in front of the residence in Comfort when Deputy Jacobsen approached him at approximately 11:15 p.m. While Eller claimed not to be very familiar with Comfort, he admitted knowing that the elementary school was nearby, having "seen

it a couple of times." Other evidence showed the child victim attended that elementary school. Eller explained his presence outside that residence by stating he had gone there to "Anna's house" to "get cleaned up" because he did not have water at his house in Center Point. The trial court found the alleged violations of both conditions to be "true."

Viewing the evidence contained in the record under the applicable standard of review, we conclude the evidence shows that Eller was aware that he was located near the Comfort Elementary School and was outside his residence after the 11:00 p.m. curfew on August 8, 2016. Therefore, we hold the evidence is sufficient to support the trial court's findings that Eller violated Condition No. 12 of the Standard Sex Offender Conditions by being within 500 yards of an elementary school and violated Condition No. 19 of his community supervision by breaking his curfew. The trial court did not abuse its discretion in adjudicating Eller guilty and revoking his community supervision based on either of these violations. *See Garcia*, 387 S.W.3d at 26. Because only one violation is required to support a revocation of community supervision, we need not address Eller's arguments concerning the other violations found by the trial court. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

### *Ineffective Assistance*

Eller contends his trial counsel rendered ineffective assistance at the revocation hearing with respect to the alleged violations of the sex offender registration requirements. Specifically, Eller asserts counsel's performance was deficient because (i) he "stood silent" and failed to object when Detective James Ledford testified that a violation of the sex offender registration

requirements constitutes a felony offense,[3] and (ii) he failed to make "the proper legal arguments" when the trial court announced its findings that Eller committed new offenses by violating the sex offender registration requirements.

To prevail on a claim of ineffective assistance of counsel, the defendant bears the burden to prove by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. We apply a strong presumption that counsel's conduct was within the range of reasonable professional assistance and was motivated by sound trial strategy. *Prine*, 537 S.W.3d at 117. To rebut this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (citation omitted). To show prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688; *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). Failure to make the required showing of either deficient performance or prejudice defeats an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813.

Even if trial counsel's performance was deficient in the manner Eller asserts, he has failed to establish prejudice under the second *Strickland* prong. Eller argues he was prejudiced by his counsel's deficient performance because it "defies logic that the trial court would have imposed an 80-year sentence for only technical violations." However, as the State points out, when a trial

---

[3] A person commits a second-degree felony if he is required to register as a sex offender every 90 days, as Eller was, and fails to comply with any registration requirement under Chapter 62. TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(3).

court revokes community supervision the sentence imposed is based on the gravity of the underlying offense of conviction, not the severity of the probation violation. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(1) (authorizing trial court to dispose of the case "as if there had been no community supervision"); *see also Buerger v. State*, 60 S.W.3d 358, 365-66 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd) (defendant's fifteen-year sentence rested upon adjudication of guilt for alleged crime, not the curfew violation that led to revocation of his deferred adjudication community supervision). Upon finding that a defendant violated a condition of deferred adjudication community supervision, the trial court may proceed with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b). After an adjudication of guilt, the assessment of punishment and pronouncement of sentence proceed as if the adjudication of guilt had not been deferred. *Id.* art. 42A.110(a). Eller pled guilty to aggravated sexual assault of a child younger than fourteen years of age and when his deferred adjudication community supervision was revoked and he was adjudicated guilty, the full range of punishment for that offense became available to the trial court. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B), (e); *see also id.* § 12.32(a) (punishment range for first degree felony is five to 99 years or life imprisonment). The eighty-year sentence imposed on Eller falls within the applicable punishment range and Eller does not independently challenge the sentence as excessive.

In addition, because Eller's ineffective assistance claim is limited to the sex offender registration violations and the trial court found several other "technical" violations, he cannot show that he was prejudiced by counsel's performance, i.e., that the result of the proceeding would have been different, because violation of any single condition is sufficient to support revocation. *Garcia*, 387 S.W.3d at 26. As in *Smith v. State*, Eller would have to prove ineffective assistance as to each of the trial court's ten findings of "true" that led to his adjudication in order to obtain a reversal. *See Smith v. State*, 286 S.W.3d 333, 342-43 (Tex. Crim. App. 2009).

## CONCLUSION

Accordingly, based on the foregoing reasons, we overrule Eller's issues on appeal and affirm the trial court's judgment.

Liza A. Rodriguez, Justice

DO NOT PUBLISH